IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yehochanan Binnun Abijah, *also known as* John Paul Rogers,<br><br>         Petitioner,<br><br>v.<br><br>Warden, Sumter-Lee Detention Center,<br><br>         Respondent. | C/A No. 0:23-5084-SAL<br><br><br>**ORDER** |

  Pretrial detainee and *pro se* petitioner Yehochanan Binnun Abijah, also known as John Paul Rogers ("Petitioner"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C), recommending that Petitioner's § 2241 petition be summarily dismissed. [ECF No. 12.] Petitioner objects to the Report. [ECF No. 15.] For the reasons that follow, the court adopts the Report and overrules Petitioner's objections.

## BACKGROUND

  As outlined in the Report, Petitioner is currently being detained in the Sumter-Lee Regional Detention Center on unspecified charges pending before the Sumter County Court of General Sessions. [ECF No. 1 at 1.] Petitioner claims that the arrest warrant issued by the county magistrate judge does not contain any sworn affidavit of probable cause from the alleged victim. *Id.* at 2. And he further claims the individual named on the warrant is not him, that he has been held in jail for two years without a trial, and that there is no evidence to substantiate any claims or charges against him. *Id.* at 6. Petitioner filed the instant habeas action to have all charges against him dismissed

1

for a lack of evidence and to be immediately released from the detention center. *Id.* at 8.

The magistrate judge recommends that Petitioner's § 2241 petition be dismissed without prejudice and without requiring Respondent to file a return. [ECF No. 12.] Petitioner was advised of his right to file objections to the Report, and he did so on December 5, 2023. [ECF No. 15.]

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including

those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The relevant facts and standards of law on this matter are incorporated from the Report. Petitioner challenges a pending criminal case in Sumter County, South Carolina and seeks to be released from the Sumter-Lee Regional Facility. [ECF No. 1.] The magistrate judge found dismissal appropriate on abstention grounds based on Petitioner's pending state proceedings and his ability to pursue his claims in state court. [ECF No. 12 at 2–4.] The Report explains that Petitioner's claims are subject to the federal standard that habeas corpus petitions cannot be used to prevent state criminal prosecution. *Id.* at 2. Further, in accordance with *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should abstain from interfering in state court proceedings except in extremely narrow or extraordinary circumstances. The Report applies the test created in *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) to determine when abstention is appropriate. [ECF No. 12 at 3.] The Report finds that the elements of the test—(1) that there are ongoing state proceedings, (2) that those proceedings implicate

3

important state interests, and (3) that there is an adequate opportunity to raise federal claims in those state proceedings—are met here. *Id* at 3–4. The court agrees. Thus, abstention is appropriate.

Petitioner responded to the Report with several objections. [ECF No. 15.] First, Petitioner asserts he has raised issues to the state courts but to no avail. *Id.* at 1. He then accuses the state courts of being "incompetent and quasi-judicial." *Id.* However, as detailed in the Report, the appropriate forum for Plaintiff to raise his claims at this stage is in state court. The fact that Petitioner has not succeeded on such claims does not render the state court incompetent. These objections are baseless and are overruled.

Next, Petitioner offers a list of citations to various authorities, including federal and state case law and the South Carolina Constitution. *Id.* at 1–2. These citations reference a variety of subjects including jurisdiction, fraud, constitutional protections, and others. *Id*. However, ultimately, Petitioner fails to explain how those cases and state constitutional provisions apply to the recommendation in the Report or to his case in general. *Id*. The court agrees with the Report, and none of the citations offered by Petitioner undermine the determination that abstention is warranted in this case.

Petitioner finally asserts a violation of 18 U.S.C. § 3161. However, this is the federal Speedy Trial Act, and the provisions of the act—for instance, the 30-day clock for an indictment after an arrest—are not applicable to state courts. Even if the court construes this objection as a general assertion of Petitioner's right to a speedy trial, Petitioner fails to provide sufficient factual allegations to plausibly suggest that this case presents the type of narrow and extraordinary circumstances that would qualify as an exception to *Younger* abstention. Indeed, for speedy trial claims, a petitioner must first seek to enforce his right to a speedy trial in state court and, failing

that, seek dismissal of the charges in state court based on the unconstitutional delay. *Kane v. State of Va.*, 419 F.2d 1369, 1373 (4th Cir. 1970). There is no indication that Petitioner has properly exhausted his speedy trial claim in state court. Accordingly, to the extent that is raised as an objection, it is also overruled.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. Further, having performed a *de novo* review of the Report, the court hereby adopts the Report and Recommendation, ECF No. 12. For the reasons discussed above and in the Report, Petitioner's action is **SUMMARILY DISMISSED without prejudice and without requiring the respondents to file a return**.

**IT IS SO ORDERED.**

July 22, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge